IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHRIS KIRK                                                                                                    PLAINTIFF

versus                                                             CIVIL ACTION NO. 2:05cv2177-KS-MTP

LARRY DYKES, et al                                                                                  DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [9] filed January 25, 2006. The Court having considered the matter recommends that the motion be denied as moot.

The motion filed by the Plaintiff, a pre-trial detainee, seeks unspecified injunctive relief in the manner of protection from "officers of the Jones County jail." He further complains that he is being deprived of necessary medical care while incarcerated.

Since filing the motion, the Plaintiff has notified the court that he bonded out of jail on July 21, 2006, and is no longer in custody. (See Docket Entry No. [22] indicating Plaintiff has bonded out of jail and has new address). Therefore, it appears that the specific circumstances which the motion sought to address no longer exist and there is no immediate or irreparable harm justifying injunctive relief.

Accordingly, the Court recommends that the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [9] be DENIED as moot.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate

Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the District Court to which a party has not objected.  Douglass v. United States Auto Ass'n, 79 F.3d 1425 (5th Cir. 1996).

      THIS, the 24th day of August, 2006.


                              s/ Michael T. Parker
                              United States Magistrate Judge